[651 NYS2d 128]

In the Matter of ANDREW J. FIORE, an Attorney, Resignor.

Second Department, December 16, 1996

#### APPEARANCES OF COUNSEL

*Richard E. Grayson*, White Plains, for resignor.

*Gary L. Casella*, White Plains (*Maryann Yanarella* of counsel), for Grievance Committee for the Ninth Judicial District.

#### OPINION OF THE COURT

Per Curiam.

Andrew J. Fiore has submitted an affidavit, dated September 27, 1996, wherein he tenders his resignation as an attorney and counselor-at-law (22 NYCRR 691.9). Mr. Fiore was admitted to the practice of law by the Appellate Division of the

Supreme Court, Second Judicial Department, on December 21, 1960.

Mr. Fiore acknowledges that he is the subject of an investigation by the Grievance Committee for the Ninth Judicial District into allegations that he has improperly withheld escrow funds. Mr. Fiore is further aware that the Grievance Committee will seek authorization from the Court to institute and prosecute a disciplinary proceeding against him and will recommend that he be suspended from the practice of law pending the outcome of the disciplinary proceeding.

Mr. Fiore is aware that the charges against him would be predicated upon, *inter alia*, his failure to safeguard funds in his escrow account resulting in negative balances on several occasions between October 1991 and December 1992, ATM withdrawals of cash from the escrow account, lending personal funds to a third person through the escrow account, and disbursing funds by checks payable to cash. He acknowledges that he could not successfully defend himself on the merits against those charges.

To his knowledge, Mr. Fiore does not owe money to any clients. He nevertheless acknowledges that his resignation is submitted subject to any application which could be made by the Grievance Committee for an order directing that he make restitution to anyone whose money or property he misappropriated or misapplied or that he reimburse the Lawyers' Fund for Client Protection, pursuant to Judiciary Law § 90 (6-a). Mr. Fiore further acknowledges the continuing jurisdiction of this Court to make such an order and is aware that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him. Mr. Fiore specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

Mr. Fiore acknowledges that his resignation is voluntarily tendered, that he is submitting it free from coercion and duress, and that he is fully aware of the implications of his resignation.

Grievance Counsel recommends that the Court accept the proffered resignation. Under the circumstances, we accept the resignation of Andrew J. Fiore as a member of the Bar and direct that it be filed. Accordingly, Andrew J. Fiore is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., ROSENBLATT, MILLER, O'BRIEN and GOLDSTEIN, JJ., concur.

Ordered that the resignation of Andrew J. Fiore is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Andrew J. Fiore is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Andrew J. Fiore shall promptly comply with this Court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Andrew J. Fiore is commanded to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.